# Supreme Court of Florida

_____

No. SC2024-1461

_____

**IN RE: AMENDMENTS TO FLORIDA RULE OF CRIMINAL PROCEDURE 3.220.**

September 4, 2025

PER CURIAM.

The Court on its own motion is considering amendments to Florida Rule of Criminal Procedure 3.220 (Discovery) in light of recent changes to section 92.55, Florida Statutes (2022), that went into effect on July 1, 2023. *See* ch. 2023-148, §§ 1, 3, Laws of Fla.[1] Chapter 2023-148, Laws of Florida, added new subsection (6) to section 92.55, which prescribes limitations on the taking of discovery depositions of a victim of a sexual offense who is under the age of 16. A proposal was published for comment, and four comments were received.

---

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(d).

After considering the comments, we hereby amend rule 3.220 as follows. First, new subdivision (h)(9) provides for motioning the court to limit interviewing or conducting depositions in the presence of the defendant as noted in section 92.55(2). New subdivision (h)(10) provides for a hearing to determine whether a deposition of a victim of a sexual offense who is under the age of 16 should be conducted as discussed in section 92.55(6)(a) and (b). New subdivision (h)(11) provides for a hearing to determine if the presumption against the taking of a deposition of a victim of a sexual offense who is under the age of 12 is overcome as addressed in section 92.55(6)(c). New subdivision (h)(12) lists limitations or specific conditions a court may order as contemplated by section 92.55(6)(d). Finally, new subdivision (h)(13) requires a written order finding whether the deposition requested under subdivision (h)(10) or (h)(11) is authorized and specifying any limitations or conditions as noted in section 92.55(6)(e).

Additionally, the Court will request that The Florida Bar's Juvenile Court Rules Committee consider whether changes consistent with these amendments should be made to Florida Rule of Juvenile Procedure 8.060(d).

The Court hereby amends the Florida Rules of Criminal Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments to the rule shall become effective October 1, 2025, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Criminal Procedure

Katelyn Knaak Johnston, Chair, Criminal Procedure Rules Committee, Jacksonville, Florida, Hon. Laura E. Ward, Past Chair, Criminal Procedure Rules Committee, Tampa, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Kelly Smith, Staff Liaison, The Florida Bar, Tallahassee, Florida; James Uthmeier, Attorney General, and Jeffrey Paul DeSousa, Chief Deputy Solicitor General, Office of the Attorney General, Tallahassee, Florida; Hon. Angélica D. Zayas, Chair, Juvenile Court Rules Committee, Miami, Florida, and Sarah J. Rumph, Past Chair, Juvenile Court Rules Committee, Tallahassee, Florida; and Douglas A. Wyler of Jacobs Scholz & Wyler, LLC, on behalf of Florida Prosecuting Attorneys Association, Inc., Fernandina Beach, Florida,

Responding with comments

- 3 -

# APPENDIX

## RULE 3.220.   DISCOVERY

**(a) – (g)**   [No Change]

**(h)   Discovery Depositions.**

(1) – (8)   [No Change]

(9) On motion of any party, parent, guardian, attorney, guardian ad litem, or other advocate for a victim or witness under the age of 18, a person who has an intellectual disability, or a sexual offense victim or witness, or on the court's own motion, the court can limit interviewing or the conducting of depositions in the presence of the defendant. The court must consider any fact the court deems relevant, not limited to age, nature of the offense, relationship to the defendant, and degree of emotional trauma that could result as a consequence of the defendant's presence.

(10) *Deposition of a victim of a sexual offense who is under the age of 16*. A party seeking to take a deposition under this subdivision must file a written motion with the court. Within 30 days of the filing of the written motion unless agreed upon by the parties or for good cause shown, the court must conduct a hearing to determine whether to order the deposition to be conducted. In determining whether to order the deposition to be conducted, the court must consider:

(A)   the mental and physical age and maturity of the victim;

(B)   the nature and duration of the offense;

(C)   the relationship of the victim to the defendant;

(D)   the complexity of the issues involved;

(E)   whether the evidence sought is reasonably available by other means, including whether the victim was the subject of a forensic interview related to the sexual offense; and

(F)   any other factors the court deems relevant to ensure the protection of the victim and the integrity of the judicial process.

(11) *Deposition of a victim of a sexual offense who is under the age of 12.* There is a presumption that the taking of a deposition of a victim of a sexual offense who is under the age of 12 is inappropriate if the state has not filed a notice of intent to seek the death penalty and a forensic interview of the sexual offense victim is available to the defendant. In making that determination, the court may consider the factors set forth in subdivision (h)(9) of this rule. A party seeking to take a deposition under this subdivision must file a written motion with the court. Within 30 days of the filing of the written motion unless agreed upon by the parties or for good cause shown, the court must conduct a hearing to determine whether to order the deposition to be conducted.

(12) *Limitations or conditions on manner and scope of deposition.* If the court orders the deposition to be conducted pursuant to subdivision (h)(10) or (11), the court may order limitations or specific conditions such as:

(A) requiring the defendant to submit proposed deposition questions to the court for approval prior to commencing the deposition;

(B) setting the time and place of the deposition;

(C) permitting or prohibiting any person from attending the victim's deposition;

(D) limiting the duration of the deposition; or

(E) any other conditions the court finds just and appropriate.

(13) *Court order.* The court must enter a written order finding whether the taking of a deposition under subdivision (h)(10) or (11) is authorized, and the written order must specify any limitations to the manner or scope of the taking of the victim's deposition.

**(i) – (o)**    [No Change]

## Committee Notes

[No Change]

## Court Commentary

[No Change]